**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13-cv-158-RJC**

| | |
|---|---|
| **ROGER LEE DEAL, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **FNU COLE, Head of Staff of Segregation,**) | |
| **FNU PARSONS, Director of Prison,** ) | |
| ) | |
| **Defendants.** ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2).

**I.    BACKGROUND**

Pro se Plaintiff Roger Lee Deal, Sr., is an inmate currently incarcerated at Lanesboro Correctional Institution, after being convicted in state court on January 18, 2002, of second-degree murder. Plaintiff filed this action on March 12, 2013, naming FNU Cole and FNU Parsons as Defendants. FNU Cole is identified in the Complaint as Head of Staff in Segregation. (Doc. No. 1 at 3). FNU Carson is identified in the Complaint as "Director of Prison." (Id.).

Plaintiff alleges that Defendants violated his Eighth Amendment rights based on the following allegations in his Complaint:

> That the vents in all the cells are blowing cold air and that inmates are getting sick due to the fact that they do not turn on the heat. Also due to the fact that all the windows in the cells have a stainless steel frame that gets cold as ice and also causing very low and cold temperatures in all the cells.
>
> Also due to the fact that in my cell C-28 I even have a hole in my window that blows cold air in from the outside that I would put in a grievance for and was told

> it would be fix[ed] and it never was. And due to the fact that I have a back fusion
> and a hip replacement and stay in severe pain that is increased because of the
> cold.

(Doc. No. 1 at 4). As requested relief, Plaintiff asks "that the court give all inmates injunctive relief to turn on the heat and to fix, and cover all windows with a wood trim that will decrease the cold in all cells and also lower the heating cost." (Id.). Plaintiff also seeks nominal, compensatory and punitive damages. (Id.).

## II. DISCUSSION

The Court first considers Plaintiff's application to proceed in forma pauperis. The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff is a frequent filer of civil rights actions. Plaintiff has filed five civil rights actions in this Court and, as of June 2012, he had filed at least 14 cases in the Eastern District of North Carolina. See Deal v. Cooper, Case No. 5:11-ct-03169, Doc. No. 6 at 1 n.1 (E.D.N.C.) (listing cases). At least four of Plaintiff's previously filed civil rights actions have been dismissed on the grounds that they were frivolous or for failure to state a claim upon which relief may be granted. See Deal v. Mim, Case No. 3:12cv363, Doc. No. 12: Order (W.D.N.C.)

(dismissed on August 8, 2012, for failure to state a claim, no appeal taken); Deal v. Cooper, Case No. 5:11-ct-03169, Doc. No. 6: Order (E.D.N.C.) (dismissed on June 22, 2012, as frivolous, no appeal taken); Deal v. Ivarsson, Case No. 5:11-ct-3161-F, Doc. No. 6: Order (E.D.N.C.) (dismissed on January 18, 2012, as frivolous, no appeal taken); Deal v. Hicks, Case No. 5:10-ct-03195-BO, Doc. No. 11: Order (E.D.N.C.) (dismissed as frivolous on April 4, 2011, aff'd, 441 F. App'x 978 (4th Cir. 2011)). Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury. Plaintiff's Complaint fails to demonstrate that he is under imminent danger of serious physical injury as required by § 1915(g). The Court will, therefore, deny Plaintiff's application to proceed in forma pauperis.

The Court further finds that, even if Plaintiff were to pay the $350.00 filing fee, this action would be subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A. Therefore, it would be futile to allow Plaintiff the opportunity to pay the filing fee before dismissing this action. The provisions of 28 U.S.C. § 1915A(a) direct the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim for relief." Id. § 1915A(b)(1). The Court must screen Plaintiff's case and dismiss sua sponte if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A condition of confinement violates the Eighth Amendment only if it is so reprehensible

as to be deemed inhumane under contemporary standards or such that it deprives an inmate of the minimal civilized measure of the necessities of life.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety.  Odom v. South Carolina Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003).

Here, Plaintiff's allegations of cold air in his cell, without more, are not sufficiently objectively serious to state a claim under the Eighth Amendment.  Accord Burkholder v. Newton, 116 F. App'x 358, 363 (3d Cir. 2004) (unpublished) ("It is questionable if having a cold cell . . . is really an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'") (citation omitted).  Furthermore, even if Plaintiff's conditions were objectively harsh, Plaintiff does not allege that Defendants acted with deliberate indifference to the cold conditions in the prison.  Accordingly, even if Plaintiff were to pay the filing fee, his conditions of confinement claim would be dismissed for failure to state a claim under § 1915A(b)(1).

## III. CONCLUSION

For the reasons stated herein, Plaintiff's Application to Proceed Without Prepayment of Fees or Costs is denied, and the Court dismisses this action for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **DENIED**.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** with prejudice.

4

3. The Clerk is directed to terminate this case and to note on the docket that, pursuant to 28 U.S.C. § 1915(g), Plaintiff must pay the full $350.00 filing fee in any civil rights lawsuits filed in any federal district court <u>unless he can show that he is under imminent danger of serious physical injury as required by § 1915(g)</u>.

4. The Clerk is directed to mail copies of this Order to the Eastern and Middle Districts of North Carolina.

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge